## BOYD v. LLOYD.

Opinion delivered May 4, 1908.

1. EVIDENCE—PAROL EXPLANATION OF WRITING.—Where a contract, as written, is ambiguous and incomplete, parol evidence is admissible to show what the words used meant.  (Page 171.)

2. DEEDS—SUFFICIENCY OF CONSIDERATION.—An agreement upon the part of the grantee to support the grantor during his lifetime is a sufficient consideration for a deed conveying land.  (Page 171.)

Appeal from Lonoke Chancery Court; *Jesse. C. Hart,* Chancellor; reversed.

*T. C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellant.

1. The evidence is ample to show that Jackson knew the nature of the transaction, and was fully capable of executing the deed and contract. The fact that he was physically weak and not bright mentally does not show that he was incapable of executing the contract.  66 Ark. 623; 70 Ark. 166.

2. It is shown that the instruments were executed at the instance of Jackson himself, and that no fraud or undue influence was practiced by appellant. The burden was on appellees to prove fraud, etc.  18 Ark. 123; 25 Ark 225; 40 Ark. 417; 37 Ark. 145; 49 Ark. 367.

3. Under the facts in this case the consideration was not so inadequate as to justify canceling the deed.  75 Ark. 89; 55 Ark. 112; 54 Ark. 195; 150 Ill. 212; 54 Ill. 363; 67 Ill. 500; 121 Ill. 130; 128 Ill. 502; 46 Ark. 542; 2 Devlin on Deeds, § 814; *Id.* § 807; 22 Pa. St. 245; Wald's Pollock on Contracts, 1885 Ed., 576; Beach on Mod. Law, Contracts, § 193; 6 Am. & Eng. Enc. of L., (2 Ed.), 696, 701; 123 Mo. 300.

*Kie Oldham,* for appellees.

No consideration was in fact paid. In view of the evidence and the circumstances under which the deed was executed, the age, decrepitude, helplessness and mental weakness of the old man, and the experience and mental superiority of appellant, the conclusion cannot be resisted that the bargain was not a fair one, the consideration being grossly inadequate, and that ap-

pellant took advantage of his incapacity. 26 Ark. 610; 15 Ark. 603; 22 Ark. 92; 94 U. S. 506; 11 Wheat. (U. S.) 103; 113 U. S. 89; 87 Ky. 616; 21 Tex. 47; 1 Aiken (Vt.) 390; 203 Ill. 211; 23 Ia. 237.

BATTLE, J. Fannie Jackson Lloyd and Alice Jackson, claiming to be the heirs of Clem Jackson, brought suit against R. S. Boyd in the Lonoke Chancery Court to set aside a deed executed by Clem Jackson, their father, in his lifetime, to the defendant. They alleged that the deed was without adequate consideration, and was procured by fraud. The defendant answered, admitting the execution of the deed, and denying the other allegations in the complaint.

The deed was made on the 12th day of April, 1905, and conveyed a certain tract of land, containing eighty acres, to the defendant. The consideration stated was one hundred dollars, the receipt of which the grantor acknowledged in the deed. On the same day the grantor and grantee entered into the following contract in writing:

"Know all men by these presents:

"That Clem Jackson, party of the first part, and R. S., Boyd, party of the second part, do hereby make and enter into the following contract, towit: whereas, Clem Jackson has on this day sold to R. S. Boyd, the S. ½ of S. E. of sec. 9, 1 S., R. 8 W. in Lonoke County, Arkansas, for and in consideration of $100 cash in hand, the payment of which is hereby acknowledged. And it is further agreed that the said Clem Jackson is to receive one-half of the net proceeds from the place, after taxes and expenses are deducted. At the death of Clem Jackson, the term of this agreement expires, and the land and entire proceeds shall remain in R. S. Boyd. Furthermore, the said R. S. Boyd, party of the second part, shall keep the taxes paid upon the land, use his best business tact in the management of the same. He also further agrees to care for the said Clem Jackson or have it done when sick, and to see that he has food, clothes, and necessary attention when sick. It is further agreed and understood that this agrement is made at the request and solicitation of the said Clem Jackson.

"Witness: JOSHUA WARDLOW.

his

"CLEM X JACKSON

mark

"R. S. BOYD."

After executing the deed Jackson improved and hopes of his recovery were entertained, but he grew worse and died on the 17th of June, 1905, leaving plaintiffs his only heirs.

The court, after hearing the evidence, found that the defendant "did not practice any actual fraud whatever upon Clem Jackson, but, by the terms of said contract had and made with the said Clem Jackson, he only undertook to take care of and provide for the said Clem Jackson while sick, and the court further finds that the said R. S. Boyd did in fact take care of and provide for the said Clem Jackson, but that the services were an inadequate consideration for the deed and the property therein described." The court cancelled the deed and contract, and rendered judgment for the costs against the defendant, and he appealed.

The evidence showed that the one hundred dollars stated in the deed to have been paid for the land were not paid, but were to be used by Boyd in the improvement of the land, one half of the proceeds of which Clem Jackson was to have during his life.

The preponderance of the evidence sustains the finding of the court to the effect that defendant did not practice any actual fraud upon Clem Jackson, and that he did take care of and provide for Clem Jackson. But it does not sustain the finding that the defendant only undertook to take care of and provide for his grantor while sick. He agreed and undertook to see that he "had necessary attention when sick," but this was in addition to food and clothes to be furnished when needed. This is a reasonable construction of the contract. Why should he furnish food and clothes only when he was sick? He was feeble and unable to work, and would need them as much, if not more, when well as when sick. But the contract as written was ambiguous and incomplete, and parol evidence was admissible to show what the words actually used meant. The evidence shows that he was to maintain and support Jackson during his lifetime. This sustains the construction we place upon the contract. This is

everywhere regarded as a sufficient consideration for a deed. 2 Devlin on Deeds, (2 Ed.), § 807, and cases cited.

The decree is reversed, and the cause is remanded with directions to the court to render decree in accordance with this opinion.

HART, J., being disqualified, did not participate.