## WOOD v. PARK.

### Opinion delivered December 12, 1910.

DEEDS—AGREEMENT TO SUPPORT GRANTOR AS CONSIDERATION.—An agreement upon the part of two sons to support and care for their father during the remainder of his natural life is a sufficient consideration for a deed conveying land to them.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*W. N. Carpenter,* for appellant.

*Thomas & Lee,* for appellee.

HART, J. Ada Wood, born Park, instituted this suit in the chancery court against J L. Park, her brother, to cancel and set aside a deed to certain lands which their father had executed to him.

The complaint alleges that their father was so drunk on the day he executed the deed that he did not know what he was doing; also that he did not have sufficient mental capacity to execute the deed by reason of his long continued and excessive use of intoxicating liquors; and that there was no consideration for the deed. The complaint also alleges that the defendant had taken possession of certain personal property belonging to her and to her father's estate; and an accounting is asked for the same.

The answer denies all the allegations of the complaint. The decree of the chancellor recites "that there is another suit pending in this court for the recovery of personal property, and the rights of the parties to the personal property are not considered or adjudicated in this action as this action is only for

the recovery of the real estate." The chancellor found in favor of the defendant as to the land; and the complaint was dismissed for want of equity. The plaintiff has duly prosecuted an appeal to this court.

In the absence of a showing to the contrary, the decision of the chancellor that the personal property is not involved in this suit because there is a separate suit pending in the chancery court in regard to it is presumed to be correct, and we need only consider the appeal in so far as it affects plaintiff's right to the land.

On the 9th day of December, 1895, R. W. Park executed a deed to his sons, J. L. Park and Ward Park, to 160 acres of land in Monroe County, Arkansas. The consideration for the deed, as testified by the sons, was that they should pay off a mortgage upon the land, and should care for and support their father until his death. They state that their father lived with J. L. Park, the defendant, after the execution of the deed until his death, which occurred several years afterwards.

It is not necessary to notice the payment of the mortgage as a part of the consideration for the conveyance of the land for the reason that the agreement on the part of the sons to support and care for their father during the remainder of his natural life was a sufficient consideration for the deed. *Salyers* v. *Smith,* 67 Ark. 526; *Boyd* v. *Lloyd,* 86 Ark. 169; *Whittaker* v. *Trammell,* 86 Ark. 251; *King* v. *Slater,* 96 Ark. 589.

It may also be noted that Ward Park has conveyed his interest in the land to the defendant, J. L. Park. While the testimony is conflicting as to the treatment of R. W. Park by the defendant and his wife, the undisputed evidence shows that he lived with them without complaint until his death, and as above stated this was a sufficient consideration for the execution of the deed.

The defendant introduced affirmative evidence to show that his father was sober and in full possession of his mental powers on the day he executed the deed in question. We do not think this testimony was overcome by that introduced by the plaintiff. But the fact of drunkenness at the time of the execution of the deed is not alone relied upon to defeat it. It is also claimed that R. W. Park had become mentally incompetent to convey

his property because of his long and excessive use of intoxicating liquors. On this point there was a great deal of testimony taken, and it is conflicting. No useful purpose can be served by setting it out in detail. All the witnesses agree that R. W. Park had been addicted to the use of intoxicating liquors most of his life. Some of them say that his use of them was not excessive, and that his mental powers were not perceptibly impaired by their use. They state that he was competent to transact business in general and to execute the deed at the time he did execute it. The witnesses for the plaintiff testify to the contrary. But the burden of proof was upon the plaintiff to establish his mental incompetency, and, following the settled rule in chancery cases, we can not say that the finding of the chancellor is against the clear preponderance of the evidence.

The decree will be affirmed.