WALK v. BARRETT.

Opinion delivered May 14, 1928.

Scott & Goodier, for appellant.

Wilson & Wilson and Strait & Strait, for appellee.

McHANEY, J. At the time of his death in 1923, E. H. Walk was the owner of two certain tracts of land in Yell

County, one containing 80 acres and one 5 acres; also some town lots on which he resided in Ola. His wife, Mrs. Mary Walk, died some 13 months prior to her husband. He left a will giving all his property, real and personal, to appellants, nephews of the testator, except his home place or residence in the town of Ola. This will was admitted to probate. Appellee, Aris Barrett, from infancy lived with Mrs. Walk's mother until the latter's death, and thereafter, until her marriage in 1905, lived with Mr. and Mrs. E. H. Walk. After the probate of said will, appellees brought this action for specific performance of an alleged contract between them and E. H. Walk, whereby said Walk agreed, in 1907, to execute a will, giving appellees all his property at his death, in consideration of their rendering certain personal attention and financial assistance to him and his wife during their lives, or the lives of either.

The Walks did not live in the home of appellees, but maintained their own separate establishment, near the home of appellees. Mr. Walk was a strong and vigorous man, both in body and mind. There is no contention that he was incapable of making the will executed. A day or two after the death of his wife, Mr. Walk went to live in the home of appellees, whereupon Mrs. Barrett asked him for a deed to the property to secure her for her services, and he immediately left. She tells the story as follows: "At Cousin Moll's death I prepared a home for Cousin Henry. Prior to her death we had entered into an agreement to render personal and financial assistance in every way to make their lives easier, and I felt that a verbal agreement had been going sufficiently long, and I asked Cousin Henry to make me a deed to secure me of my time and fulfill the contract. Which he objected to, and left."

After leaving their home, he never returned, and it is not contended they ever did anything further for him. It is admitted that, during all the years after it is said the contract to convey was made, Mr. Walk attended to all his business, rented out his farm land, collected the

rents, made several small loans to various individuals, from $112 to $200, taking mortgages as security, and it was not generally known that he was dependent for a living on the bounty of appellees. His pastor and other witnesses all contradict the idea of his being thus dependent and that the financial and other assistance claimed to have been rendered was, in fact, rendered. He deposited $270 in bank during the last year of his life, and had $170 on deposit when he died.

The chancellor found the facts in favor of appellees, and decreed specific performance of the alleged contract. In this we think he was in error. The rule of law applicable in such cases is that, before a court of equity may grant specific performance of a parol contract to convey lands, the evidence of such agreement must be clear, satisfactory and convincing. It must be so strong as to be substantially beyond reasonable doubt. *Williams* v. *Williams,* 128 Ark. 1, 193 S. W. 82. Appellees cite and rely upon this case, as also *Fine* v. *Laster,* 110 Ark. 425, 161 S. W. 1147, Ann. Cas. 1915C, 385; *Boyd* v. *Lloyd,* 86 Ark. 169, 110 S. W. 596; *Whittaker* v. *Trammell,* 86 Ark. 251, 110 S. W. 1041; and *Salyers* v. *Smith,* 67 Ark. 526, 55 S. W. 936. In the Williams case the contract to convey was sustained under the above rule, but the plaintiff left his own home and lucrative employment and went to live with deceased on the land, and carried out his part of the contract. In *Fine* v. *Laster* a deed to the property was executed by deceased and delivered to the cashier of the bank to be delivered at his death. In the Boyd, Whittaker and Salyers cases, deeds were executed. In all these cases the claimant or grantee was put in possession of the properties under agreement to support; but here, not only is there no deed or other writing, but a mere alleged oral promise to convey. It is a strange coincidence that Mr. Walk should immediately leave the home of appellees when they requested of him a deed to secure them for their services, if he had previously agreed to give them the property at his death. Shortly thereafter he executed

the will heretofore mentioned, and left appellees entirely unprovided for therein.

We do not review the testimony in detail, as it would serve no useful purpose. We have carefully read same, and find it insufficient to measure up to the clear, satisfactory and convincing rule heretofore announced. The decree will therefore be reversed, and remanded with directions to dismiss the complaint for want of equity.