TAYLOR *v.* MILAM.

4-9602                                      243 S. W. 2d 644

Opinion delivered November 26, 1951.

*Wood & Chesnutt,* for appellant.

*W. A. Blair, D. McK. Winter* and *Wootton, Land & Matthews,* for appellee.

ROBINSON, J. Appellants contend that they entered into an oral contract with Robert Alden Milam on the 5th day of July, 1943, whereby it was agreed that Milam, at his death, would leave his property to appellants, who are nieces and nephews of Milam's deceased wife. Milam died on the 23rd day of November, 1949, intestate. Appellants filed this suit to enforce the alleged contract, and the Chancellor held that the evidence was not sufficient to prove that a contract had ever been made between the parties.

Evidence was introduced to the effect that some of the appellants and their mother, on the 5th day of July, 1943, along with Milam went to a cemetery to select a

grave as Mrs. Milam was at the point of death; that while at the cemetery, Milam made the proposal that if the appellants would look after his welfare the rest of his life, help him in his business when he needed it, and care for the cemetery lot after his death, he would leave what he had to appellants; that they accepted this offer, making it a binding contract. On the other hand, the keeper of the cemetery testified that he was present during the entire time the group was there seeing about the grave and no such agreement was made.

A great volume of evidence was introduced for the purpose of showing the likelihood of Milam entering into the alleged agreement. To refute such evidence, a large amount of testimony was introduced for the purpose of proving the improbability of his entering into such an agreement. At the time of making the alleged contract it was not probable that Milam would ever need any financial assistance from anybody.

The record is voluminous and it would serve no useful purpose to abstract here the evidence in the case. It appears from the evidence that Milam, subsequent to his wife's death, lived in his home alone, that he did not depend on anyone to look after him or his interests. The evidence further shows that the appellants, who lived nearby, extended to Milam acts of courtesy and kindness such as one good neighbor would to another, occasionally cleaning his house, cooking a meal for him, and things of that kind, but, it appears that this was done due to affection and friendship, and not by way of carrying out the provisions of a contract.

The rule has been many times announced by this court that, in order to establish title to and ownership of land on an oral contract, the burden is on the person seeking to establish the contract to show execution thereof by a higher degree of proof than a mere preponderance of the testimony. To establish such a contract the evidence of its execution must be clear, cogent and decisive. It must be so strong as to be substantially beyond a reasonable doubt. *Tucker* v. *Peacock,* 216 Ark. 598, 227 S. W. 2d 929.

"The rule of law applicable in such cases is that, before a court of equity may grant specific performance of a parol contract to convey lands, the evidence of such agreement must be clear, satisfactory and convincing." *Walk* v. *Barrett,* 177 Ark. 265, 6 S. W. 2d 310.

The Chancellor did not find in the case at bar that the evidence tending to establish the alleged contract came up to the standard required in such cases. After a careful review of the entire record, we agree with the Chancellor.

The decree is affirmed.