*2 SAME: Presumption, etc.*

## BENTON v. MARSHALL.

JURISDICTION OF J. P.: *Whether title to land involved.*

Upon rescission of a parol contract for the sale of land the vendee may recover money paid upon the contract; and a justice of the peace has jurisdiction if the amount is within his jurisdiction. The title to the land is not involved in the action.

15——47

Benton v. Marshall.

ERROR to *Dallas* Circuit Court.

Hon. JOHN M. BRADLEY, Circuit Judge.

*M. M. Duffie* for Appellant.

No question of title to land was involved. It was simply a suit for money paid on a contract which was afterwards disaffirmed by the vendor. *Martin v. Chapman, 6 Porter (Ala.), 344; 2 Cal., 584; 15 Serg. & R. (Pa.), 227; 2 Pars. on Cont., 191; 20 Ark., 426.*

*R. C. Fuller* for Appellee.

Contends that the suit involved the title or possession of land, and that the justice had no jurisdiction. *Const. 1874, art. 7, sec. 40.* It was necessary for the justice to determine the question whether appellee had a good title to the land at the time of sale, to determine this suit. Thus the title to the land was unavoidably in issue.

COCKRILL, C. J.  The appellant brought his action against the appellee before a justice of the peace to recover the sum of $55 which he had paid him under a parol agreement for the purchase of land.   The ground of the action was that the contract of sale had been rescinded by mutual consent.   This theory of the matter seems to have been conceded by the defendant, the appellee here, for he appeared, as the justice's record recites, and entered "a plea of settlement, payment and set-off."   Upon judgment against him he appealed to· the circuit· court, and there was no attempt there to raise any other issue ; but when the plaintiff had put the outline of his case in evidence, the court conceived that the title to land was involved and dismissed the action for want of jurisdiction in the justice.

The court mistook the issue. The plaintiff was not bound to prove or disprove title to land in order to establish his right to recover. If the oral executory contract of sale had been rescinded by the vendor or by mutual consent of parties, the purchaser could maintain his action for money had and received to recover what he had paid under it. *Desha's Exrs. v. Robinson, 17 Ark., 228; Bellows v. Cheek, 20 Ib., 424; 1 Whart. Cont., sec. 285.*

The question in such case would be, not who owned or was in possession of the land, but, had the contract of sale been rescinded.

The fact of rescission seems to have been conceded by the appellee, for his answer, as we conclude from the recital of the justice's record, was in confession and avoidance of the appellant's claim, and presented no question of the title or possession of or lien upon land.

Let the judgment be reversed and the case remanded for further proceedings.