## LAY v. LAY.

### Opinion delivered May 27, 1905.

1. STATUTE OF FRAUDS—PART PERFORMANCE.—Where possession is relied upon as part performance to take a verbal sale of land out of the statute of frauds, it must be clearly shown that such possession was taken under the contract of purchase. (Page 528.)

2. SAME—CASE STATED.—Proof that plaintiff, claiming the land in question under a verbal purchase from his father, since deceased, rented the land to a tenant who, without paying rent, remained on it till the father's death, does not establish that the possession so exercised was referable to the verbal contract where the father, being aged and infirm, lived with plaintiff, who might have been acting as his agent; especially if plaintiff never claimed the land during the father's lifetime, and the other heirs of the father were never informed of verbal purchase during the father's lifetime. (Page 528.)

Appeal from Marion Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Affirmed.

*Wood Bros.*, for appellant.

Delivery of possession of land to the vendee under a parol contract of purchase takes the case out of the statute of frauds, and possession for the statutory period is sufficient. 42 Ark. 246; 30 Ark. 340; 39 Conn. 98; 85 Ky. 666; 93 Ky. 435; 55 Miss. 681; 6 Met. 337; 35 L. R. A. 835. A parol gift or sale will constitute color of title. 1 Am. & Eng. Enc. Law, 279; Acts 1899, p. 135. Declarations of the vendor, made subsequent to the sale

and in the absence of the vendee, cannot be admitted to impeach the sale.  6 Ark. 109; 24 Ark. 11; 9 Ark. 91; 14 Ark. 304.  The decision of the chancellor is only persuasive.  43 Ark. 307; 50 Ark. 185; 55 Ark. 112; 42 Ark. 521; 31 Ark. 85.

*J. F. Henley* and *Rose, Hemingway & Rose,* for appellees.

To establish an interest in land acquired by parol contract, the evidence must be full, clear and convincing.  64 Ark. 157; 48 Ark. 169; 40 Ark. 157; 11 Ark. 82; Pom. Sp. Perf. § 136.  The chancellor's finding will be sustained unless clearly against the weight of the evidence.  44 Ark. 216; 68 Ark. 314; 33 Ark. 208. Declarations of the owner of property as to title to it are competent, but not conclusive, evidence.  59 Ark. 303; 20 Ark. 592; 1 Green. Ev. § 109; 14 Ark. 505.  The statute will not run in favor of one tenant in common as against co-tenants until he gives notice of an adverse holding.  42 Ark. 289; 61 Ark. 528.

RIDDICK, J.  The facts in this case are that one Jesse D. Lay died in Marion County, Arkansas, in 1897.  He was an old man, and left several adult children.  At the time of his death he was the owner of a tract of land in that county containing one hundred and sixty acres.  Previous to his death he had been drawing a pension from the Government of twelve dollars a month, but when he died he owned no property except this land and a few dollars in money.  During the five or six years that preceded his death he made his home with his son, Shelby Lay.  After the death of his father, Shelby Lay claimed that he had in 1892 made a contract with his father by which his father agreed to give him the land he owned in consideration of an agreement on his part that he would furnish him a home and take care of him for the remainder of his life.  But his father never executed any deed, and after he died this action for specific performance of the contract was brought by Shelby Lay against the other heirs of his father.  The defendants denied that their father ever made such a contract. On the contrary, they alleged that, though he had been urged to do so, he refused to convey the land to plaintiff.

The chancellor found against the plaintiff, and dismissed the complaint for want of equity.  After consideration of the evidence, we are of the opinion that the judgment should be affirmed.

The contract under which plaintiff claims the land was not in writing, and this is an effort to establish an ownership in land by parol evidence. To take the case out of the statute of frauds, which requires that such contracts should be in writing, plaintiff undertakes to show that there had been a part performance of the contract, and that possession of the land had been delivered to him by his father. But, in order for possession to have any such effect, it must be clearly shown that it was taken under the contract of purchase.

Now, plaintiff did not move on or make any valuable improvements upon the land, and the possession that he claims to have exercised over the land was to rent it to a tenant who, without paying rent, remained on the land up to the death of the father of plaintiff. During all this time his father lived with plaintiff. He was old and infirm, and it was not unnatural that his son should look after his business. For this reason the nature of the possession and control taken by the son over this land is a little uncertain. It may have been in his own right, or it may have been, as the other heirs allege, simply as the agent of his father. It seems that during this time the father continued to speak of the land as his own, and the plaintiff admits that in speaking of it to his brothers and sisters plaintiff never claimed it as his own, but always referred to it as the "old man's land." The defendants had no notice of his claim to own the land until after the death of their father. The contract under which plaintiff claims the land was made about five years before the death of his father. As during this time his father was in rather feeble health, and was not expected to live long, it is rather strange that a deed was not made or some memorandum of the contract placed in writing. When we consider this fact, and the further fact that, although most of the other heirs lived near plaintiff, they were not informed of this contract during the life of their father, it casts a suspicion upon the claim of plaintiff which demands from him clear and conclusive evidence both to the effect that the contract was made, and that it was in part performed. But it seems to us that the evidence does not make out a clear case in his favor.

The judgment is therefore affirmed.