Starrett v. Dickson.

Opinion delivered November 11, 1918.

1. Frauds, statute of—agreement as to land.—Where a complaint alleged that plaintiff's wife died owner of a town lot occupied as her home, and that before her death she verbally proposed to plaintiff that if he would furnish the money to make certain improvements she would reimburse him for the money expended, "and that he should have a home therein while he lived;" that he spent $160 in making the stipulated improvements, and prayed that plaintiff's life estate in the property be established, the alleged contract is within the statute of frauds.

2. SAME—PAYMENT.—Payment of money alone is not sufficient to take a contract without the statute of frauds.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*C. M. Rice,* for appellant.

Under the facts appellant has a life estate and is at least entitled to reimbursement for the amount expended. The claim is just, valuable and beneficial and not within the statute of frauds. He has no adequate remedy at law. It was error to sustain the demurrer. 91 Ark. 280; 55 *Id.* 295; 30 *Id.* 262.

The appellees *pro sese.*

1. Appellant had no lien as a mechanic or material man. 114 Ark. 1; 119 *Id.* 43; 115 *Id.* 230.

2. He was not entitled to specific performance of a parol gift. 32 Ark. 97; 63 *Id.* 100; 82 *Id.* 33; 107 *Id.* 473. No case for equitable relief is made. 82 Ark. 46; 63 *Id.* 100.

McCULLOCH, C. J. The chancery court of Benton County sustained a demurrer to appellant's complaint and entered a decree dismissing the complaint for want of equity, from which an appeal has been prosecuted to this court.

It is alleged in the complaint that appellant's wife, who died May 10, 1917, was the owner of a certain lot in Rogers, Benton County, Arkansas, occupied as a home, and that during the year 1917 the wife proposed to appellant that if he would furnish the money to be expended in making certain improvements "she would pay him or reimburse him for the money expended and that he should have a home therein while he lived," and that appellant accepted the proposition and expended the sum of $160 in making the stipulated improvements. It is also alleged that the property on the death of appellant's wife descended to appellees as her heirs, and that they are ignoring his rights and are about to institute proceedings to sell the property for partition. The prayer of the complaint is that appellant's life estate in the property be es-

tablished according to the terms of the alleged contract with his wife, and, ''if for any reason said life estate cannot be decreed to plaintiff that he have judgment against defendants for the full value of the same.''.

It is clear that the complaint, so far as it merely attempts to state a cause of action for the recovery of the money expended, is demurrable for the reason that the remedy at law is complete for proving the debt and enforcing the same in the court exercising probate jurisdiction. If appellant has a valid claim against the estate of his deceased wife, he can procure administration on the estate and probate his claim. The chancery court is not an appropriate forum for the enforcement of the claim, as the mere furnishing the money to make the improvements did not create a specific lien in appellant's favor.

The complaint, in its other aspect, constitutes an attempt to compel specific performance of the alleged contract of appellant's wife to give him a life estate in the property in consideration of the expenditure of money by him in improving the premises. It is not alleged that the wife specifically agreed to convey to appellant an estate for life, but it is merely alleged that she verbally agreed that he could have a life estate in the property. There is nothing to take the alleged agreement out of the operation of the statute of frauds. The payment of the money alone is not sufficient. Appellant alleges that he lived on the premises with his wife, but such possession must be considered as being referable to his joint occupancy of the home with his wife, and not to a delivery of possession pursuant to the terms of the agreement. There is nothing in the facts stated, therefore, which will justify a court of equity in decreeing specific performance.

There being no delivery of possession, the payment of the consideration alone was not sufficient to authorize a decree for specific performance. The chancery court was therefore correct, and the decree is affirmed.