## HOTOPP *v.* ADAIR.

## Opinion delivered July 5, 1920.

1.  SPECIFIC PERFORMANCE—CONTRACT FOR SALE OF LOTS.—Under the statute of frauds (Kirby's Dig., § 3654) an oral contract for the sale of lots witnessed only by checks drawn by buyer and seller, which fail to describe the lots sold and furnish no means of identifying them, is not enforceable against the seller, though the property intended was the only land owned by him.

2.  SPECIFIC PERFORMANCE — CONTRACT MUST BE DEFINITE.—Before equity will enforce a written contract for the sale of land, it must be definite and certain.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Culbert L. Pearce* and *Gardner K. Oliphint,* for appellant.

1. The complaint does not disclose a contract which falls within the statute of frauds, and the court erred in sustaining the demurrer and dismissing the complaint. 128 Ark. 433 is not applicable. 30 Ark. 249; 79 *Id.* 100; 45 *Id.* 17.

2. The description of the property is sufficient. 136 Ark. 447-451. Parol evidence was properly admissible to identiy and describe the property. *Ib.;* 40 *Id.* 237. This case does not fall within Kirby's Digest, § 3654.

*John E. Miller* and *C. E. Yingling,* for appellees.

1. The contract is within the statute of frauds. Kirby's Dig., § 3654; 128 Ark. 433-6; 85 *Id.* 1-3; 16 Ark.

340; 45 *Id.* 17; 56 *Id.* 130.  See, also, *Stanford v. Sager,*
141 Ark. 458.

2.  A contract can not rest partly in writing and
partly in parol.  It must contain all the terms of the con-
tract.  16 Ark. 340; 45 *Id.* 17; 56 *Id.* 130.  The complaint
shows on its face that if a contract for sale of the lots ex-
ists it will have to be proved by parol testimony and the
demurrer was properly sustained.

McCULLOCH, C. J.   This is an action instituted
by appellant in the chancery court of White County
against appellees to compel specific performance of a
contract alleged to have been entered into by the par-
ties, whereby appellees agreed to sell and convey cer-
tain real estate to appellant.  The chancery court sus-
tained a demurrer to the complaint and dismissed it for
want of equity.

The allegations of the complaint are, in substance,
that appellees owned certain lots in the town of Bald
Knob on which a dwelling house was situated, that this
was the only real estate owned by them in White County,
that the parties entered into negotiations which resulted
in an oral agreement between them for the sale and
purchase of the property for a stipulated price, and that
they subsequently met for the purpose of consummating
the sale by the execution of a deed by appellees to ap-
pellant, but that the abstract of title was not ready, and
that it was thereupon further orally agreed that they
would await the preparation of an abstract, and, "as
an evidence of their contract of purchase and of sale,
that the plaintiff would put up his check for the sum of
$50, and that the defendants should put up a check for
$50 with certain writing thereon, and that each of the
said checks, both singly and collectively, should be placed
in an envelope which was to be endorsed upon the back
by the cashier of the Bald Knob State Bank, and that
the said envelope and the said checks and the endorse-
ments and writings on each appearing, should, singly
and collectively, constitute and be an evidence of the

contract of purchase and sale of the above described property.''

It is further alleged that the parties went to the Bald Knob State Bank and there executed checks pursuant to said agreement and delivered the same to the cashier, who made the endorsement on the envelope which contained the checks and deposited the same in the vault of the bank for safe-keeping, but that subsequently appellees refused to comply with the contract.

The checks referred to were exhibited and read as follows:

"No........................        Bald Knob, Ark., 8/5/1919.

BALD KNOB STATE BANK

Pay to the order of Wm. C. Hotopp $50.00. Fifty and no/100 Dollars. For bonus on house and lots.

(Signed)    Claud Adair.''

No. 2.        Bald Knob, Ark., August 5, 1919.

BALD KNOB STATE BANK

Pay to the order of Claud Adair $50.00. Fifty Dollars.

(Signed)    Wm. C. Hotopp.''

The written endorsement alleged to have been made on the envelope containing the checks is as follows:

."Cks. to be held in forfeit: 50—Adair is to make out deed to W. C. Hotopp. 50—Hotopp is to buy place of Adair.''

The chancellor sustained the demurrer on the ground that the contract was one that fell within the statute of frauds, and we are of the opinion that the decision was correct.

The complaint sets forth an oral agreement except so far as the exhibited checks and memoranda on the back of the envelope containing them constitute a written contract. The statute provides that a contract for the sale of lands ''shall be made in writing and signed by the party to be charged therewith, or signed by some other person for him thereunto properly authorized. Kirby's Digest, § 3654. The only writings set forth as constituting the contract fall short of

compliance with the statute, in that the property is not described and no means of identification are furnished. Defects in this respect can not be cured or supplied by oral testimony. The check signed by Claud Adair, one of the appellees, recites that it was given "for bonus on house and lot." This is not sufficient identification, nor does it furnish any means for identification.

It is alleged in the complaint that the property described therein was the only real estate owned by appellees, but, accepting that as true, it does not follow that the recitals of the check are sufficient to identify it. Even though appellees owned but one piece of property, it does not follow from this language as a matter of law or as a matter of fact that the contract necessarily was intended to describe that particular property. Moreover, the check is not sufficient as a contract for the reason that it does not set forth the terms in any other respect. Before a court of equity will compel the performance of a contract for the sale and purchase of real estate, it must be definite and certain. The memorandum endorsed on the envelope by the cashier of the bank was not signed by appellees nor by the cashier for them, and they are not bound by it, but even if that memorandum had been signed, it is insufficient to constitute an enforceable contract. This subject has been thoroughly discussed in the recent case of *Sanford* v. *Sager,* 141 Ark. 458, and it is unnecessary to cite other authorities.

Decree affirmed.