## FRYER v. MABIN.

### Opinion delivered May 7, 1923.

1. FRAUDS, STATUTE OF—ORAL CONTRACT OF SALE OF LAND.—An oral contract of sale of land is not binding upon the vendor's heir.

2. FRAUDS, STATUTE OF—PAROL SALE OF LAND—PAYMENT.—Payment of the purchase money in a parol sale of land is not such part performance as will take the case out of the statute of frauds.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Gordon & Combs,* for appellant.

Appellant was entitled to specific performance of the contract to convey, and his having performed his part of the contract by paying all the purchase price took the case out of the statute of frauds.

*Strait & Strait,* for appellee.

There was no contract proved that would entitle appellant to specific performance, even of it could be established by parol testimony. Appellant had no possession and proved no part performance of the contract that would take the case out of the statute of frauds. 136 Ark. 326.

HUMPHREYS, J. Appellee instituted this suit against appellant in the chancery court of Conway County to quiet his title and recover possession of the following described land in said county, State of Arkansas, to-wit: The southeast quarter (¼) of the southwest quarter (¼) of section 14, township 6 north, range 15 west. It is alleged that appellee owned said real estate by inheritance from his mother, Louisa Mabin. The bill also contained a prayer for an accounting of rents and profits.

Appellant filed an answer denying appellee's ownership of said land or his right to an accounting for rents and profits, and a cross bill alleging ownership thereof in himself under a verbal sale and purchase from appellee's mother. The cross bill contained a prayer for specific performance of the oral contract.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree dismissing appellant's bill for specific performance and quieting appellee's title and right of possession of said land, and balancing the rents against improvements and taxes, from which an appeal has been duly prosecuted to this court.

The record reflects that appellee's mother, Louisa Mabin, and her brother, John Henderson, inherited the east one-half ($\frac{1}{2}$) of the southwest quarter ($\frac{1}{4}$) of said section, township, and range from their father, and, according to the weight of the evidence, that it was, by mutual agreement, partitioned between them, the north forty to John Henderson and the south forty to Louisa Mabin; that, in keeping with the agreement, each went into possession of his portion, and Louisa Mabin established her homestead upon said south forty; that she, her husband and child, who was born upon said land, resided thereon until her death, and that her husband and child, together with his grandmother, resided thereon for a number of years thereafter; that in the year 1907 appellant purchased an undivided one-half interest in said 80-acre tract from Moose, Reid & Strait, a firm of lawyers, who had obtained their undivided interest therein for defending John Henderson upon a criminal charge preferred against him; that, at the time appellant purchased the John Henderson interest, he entered into an oral agreement with Louisa Mabin to purchase her interest in said real estate in settlement of a past due account of $433.55, which her husband owed appellant; that the understanding was that Clarence Mabin, her husband, should rent the south forty and Lem Mabin the north forty, and that when the rents equaled the canceled indebtedness and purchase money paid for the Henderson interest, appellant would deed the whole 80-acre tract to Louisa Mabin; that in a day or so after making the oral agreement Louisa Mabin died, while residing on the south forty, in her home, without having conveyed her interest in said real estate to appellant.

Appellant insists that the court erred in denying specific performance of the oral contract. It is argued that the oral contract was lifted out of the statute of frauds by part performance. Even if canceling off the preexisting indebtedness can be regarded as a payment of the purchase money, which we do not decide, that fact would not satisfy the statute of frauds. *Starrett v. Dickson*, 136 Ark. 326. The undisputed evidence reflects that Louisa Mabin was residing upon the south forty as her home at the time the oral contract was entered into, and that she died before any actual change in possession had been made under the alleged contract. The oral contract for the sale of the land was not binding upon Louisa Mabin at the time of her death, and cannot be enforced against appellee, her heir.

No error appearing, the decree is affirmed.