HUDSPETH *v.* THOMAS.

4-8691                                    216 S. W. 2d 389

Opinion delivered January 10, 1949.

*W. T. Mills, N. J. Henley, W. F. Reeves* and *J. H. Carmichael,* for appellant.

*Opie Rogers* and *Shouse & Shouse,* for appellee.

GEORGE ROSE SMITH, J. This appeal questions the chancellor's refusal to order specific performance of an alleged oral contract for the sale of ninety-eight acres of land. The appellant asserted in his complaint that on April 12, 1942, he agreed to buy the property from the appellee, his father-in-law, for $4,000. He relies on the taking of possession and the making of improvements to take the case out of the statute of frauds.

Appellant's argument is based on the contention that when the purchaser under an oral contract shows that he has been in possession, the statute of frauds passes out of the picture and proof by a mere preponderance of the evidence is enough. But the rule is that both the making of such a contract and its performance must be proved by clear and convincing evidence. *Lay* v. *Lay,* 75 Ark. 526, 87 S. W. 1026. A brief summary of the testimony given by the fifty-odd witnesses in this case will show that appellant has not met this standard of proof.

Hudspeth testified to the making of the parol agreement and to an initial cash payment of $200, his daughter

(then thirteen years old) corroborating these statements. He enumerated several additional cash payments and offered checks supposedly representing other credits on the purchase price. The total of checks and cash is only $2,850, however, and Hudspeth's evidence as to his discharge of the remaining obligation is vague. He relies heavily on a purported final payment made in November, 1942, by a check for $2,000, but the appellee's evidence as to this particular check is more convincing. Thomas says that the $2,000 check was in repayment of a loan made to appellant in February, 1942, and he proved satisfactorily that at that time he withdrew $2,000 from a postal savings account and turned it over to Hudspeth. Too, there is reason to think that the asserted oral contract could not have been made in April, 1942. Both appellant and his daughter fixed the date by associating it with the departure of a tenant named Massey. But Massey testified that he left in April, 1943, and if this is true the $2,000 check dated in the preceding November could not have been a part payment.

Hudspeth says that the purchase price was $4,000 and that the deed was to be made to him alone, rather than to him and his wife. (The couple have since separated.) Appellee's proof convinces us that he thought the land to be worth $8,000 and once offered it to Hudspeth for $4,000 merely because he wanted to provide a home for the couple. It is doubtful if appellee would have reduced the price because of the family relationship and yet have excluded his daughter from the transaction.

Thus the evidence as to the original agreement is inconclusive. The subsequent conduct of the parties is equally indecisive. It is undisputed that Mr. and Mrs. Hudspeth took possession of the farm and collected the rents from its tenants, but this conduct could as well have been pursuant to the contract as to a father's desire to provide a home for his daughter and son-in-law. The fact that appellee paid the taxes during these years supports the latter view. Hudspeth made some minor improvements, but none that would be con-

sidered unusual if he were really living on his father-in-law's property.

Appellant delayed for more than four years before seeking specific performance of his agreement. At about the same time as this suit was brought he filed a companion suit, which he later dismissed, to enforce a similar oral contract for the purchase of other land from appellee. This second purchase was alleged to have been made in 1946. It is manifestly improbable that Hudspeth would have risked a further parol contract with Thomas after having, as he testified, been unsuccessful in obtaining the deed under the first contract during a period of more than three years.

There are many other circumstances in the record, but it would add little to this opinion to detail them. We have discussed the salient points, which demonstrate that appellant's proof is not convincingly clear. Decree affirmed.