ROLFE *v.* JOHNSON.

4-9129                                               228 S. W. 2d 482

Opinion delivered April 3, 1950.

*Jack P. West* and *E. J. Butler,* for appellant.

*Giles Dearing,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellant, F. D. Rolfe, against appellees, Bert Johnson and wife, Lucy Johnson, to require specific performance of an alleged oral contract to convey 160 acres of land in Cross County, Arkansas. This appeal is from a decree denying the relief sought by appellant and dismissing his complaint for want of equity.

Appellees reside in North Little Rock, Arkansas, and the 160-acre farm in Cross County was formerly owned by Lucy Johnson's father. At the time of the transactions here involved, Lucy Johnson owned an undivided one-half interest in the lands, Bert Johnson owned an undivided one-fourth interest, and one-fourth interest was held by them as an estate by the entirety.

Appellant lives at Wynne in Cross County. On February 3, 1948, he drove to Little Rock with George W. Johnson, uncle of Lucy Johnson, and J. H. Parker. They stopped at the home of appellees for a few minutes but Bert Johnson was at the Rock Island Depot where he was employed. According to the testimony on behalf of appellant, he had tried to purchase the farm on a previous visit and Lucy Johnson told him on both occasions that she wished her husband would sell the place and whatever he did about it would be satisfactory with her. This was stoutly denied by witnesses on behalf of appellees who testified that appellant did not mention the sale of the place to Lucy Johnson on either of the visits. Mrs. Johnson stated that she had never discussed the sale of the place with appellant and for sentimental reasons did not want to sell the farm.

After the short visit at the home of appellees, appellant and his companions went to Bert Johnson's office where a sale of the farm was orally agreed upon between appellant and Johnson for $7,000 and appellant delivered a $1,000 check to Bert Johnson with the balance of the purchase price payable when the abstract was completed and the title approved.

There is also a sharp dispute in the evidence as to whether there was a delivery of possession of the land to

appellant. At the time of the alleged sale the farm was in the possession of appellees' tenant, Andrew Wright. Appellant testified, and Bert Johnson denied, that appellant was to have immediate possession of the land before completion of the sale contract. Appellees' contention on this issue is supported by the testimony of George W. Johnson, who testified on behalf of appellant, that possession was to be given when the abstract of title was made.

Upon his return to Wynne, appellant represented to Wright that he had bought the place and on February 5, 1948, demanded $1,200 rent in advance for the year 1948 which Wright paid. Appellant and Wright also entered into a written lease contract on the same day giving Wright the option to purchase the farm for $10,000.

On February 16, 1948, Bert Johnson wrote appellant that he was unable to persuade his wife to agree to the sale and that she had refused to accept the $1,000 check or sign a deed to the place. Bert Johnson had previously written George W. Johnson of Mrs. Johnson's refusal to sell the place and had advised him to hold up the making of the abstract which he had asked George W. Johnson to have made.

We have repeatedly held that before a court of equity may grant specific performance of a parol contract to convey land, the evidence of such agreement must be clear, satisfactory and convincing. *Meigs* v. *Morris,* 63 Ark. 100, 37 S. W. 302; *Walk* v. *Barrett,* 177 Ark. 265, 6 S. W. 2d 310. It is well settled that the payment of the purchase price alone is not sufficient part performance to take the contract out of the statute of frauds. *Starrett* v. *Dickson,* 136 Ark. 326, 206 S. W. 441; *Fryer* v. *Mabin,* 158 Ark. 579, 250 S. W. 877. We have also held that before delivery of possession of the land to the vendee under an oral contract of purchase will take the contract out of the operation of the statute, such possession must be taken under the contract and pursuant to its provisions. *Moore* v. *Gordon,* 44 Ark. 334; *Phillips* v. *Jones,* 79 Ark. 100, 95 S. W. 164, 9 Ann. Cas. 131. See, also, article in 1 Ark. Law Review 269.

Where the alleged purchaser is already in possession as tenant and merely continues in possession after making the contract, it does not amount to part performance sufficient to take the case out of the operation of the statute. *Ashcraft* v. *Tucker,* 136 Ark. 447, 206 S. W. 896. As was said in *Rugen* v. *Vaughn,* 142 Ark. 176, 218 S. W. 205: "This court has held that possession to have the effect to take the case out of the statute must be exclusive, evincing the birth of a new estate, and distinguished from the continuation of an old one; and must not be referable to an antecedent right." As previously indicated, the evidence on the question of change of possession is in hopeless conflict. The lands were already in the possession of appellees' tenant, and it would seem unusual for the parties to have agreed that the purchaser should have possession before the abstract of title was even completed and before he had approved the title and paid, or offered to pay, the balance of the purchase money. It is doubtful from the testimony that such agreement was entered into between appellant and Bert Johnson and Lucy Johnson did not participate in the making of such agreement. In the absence of a delivery of possession to appellant, the payment of a part of the consideration was not sufficient to authorize a decree of specific performance.

It is also clear from the testimony that at the time of the alleged agreement between Bert Johnson and appellant, Lucy Johnson knew nothing about the terms or conditions of the alleged contract. However, appellant insists that she is estopped to rely upon the statute of frauds or to urge the invalidity of the sale under our decision in *Williams* v. *Davis,* 211 Ark. 725, 202 S. W. 2d 205. In that case the wife, who owned the land, wrote letters to the purchaser which set out the price and terms of the proposed sale and also contained the acceptance of the offer made by the purchaser. It was undisputed that she had full knowledge of the negotiations leading up to the agreement which was made with her knowledge and consent and we held that she was estopped to assert that she did not know she owned the land. Here the evidence is in sharp dispute as to whether Lucy Johnson ever acquiesced in the proposed sale made by her husband.

18

The burden was upon appellant in the case at bar not only to prove the oral contract by clear and convincing testimony but also to show that there had been sufficient part performance of the alleged contract to take it out of the operation of the statute of frauds. We cannot say that the chancellor's holding, that appellant did not meet the burden thus placed upon him, is against the weight of the testimony.

The decree is accordingly affirmed.