GILTON *v.* CHAPMAN.

4-9214                                    230 S. W. 2d 37

Opinion delivered May 29, 1950.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*J. G. Moore,* for appellee.

LEFLAR, J.  Appellee Chapman brought this action to recover a $1,000 down payment which he had made to appellants on an oral contract for the purchase of a farm and equipment for a total price of $16,500.[1]  Appellants gave testimony tending to show that they were at all times willing to convey the land to appellee had he produced "cash on the barrel-head" for payment of the balance agreed upon, which they say appellee never offered them.  Appellee claimed that he did offer to pay cash, in the form of a check that would have been honored, but that appellants refused to go on with the deal and he finally took back his check on the theory that appellants had refused to perform the oral contract.  Contradictory evidence was presented to the jury on the issue thus formed, and a verdict for plaintiff for $1,000 resulted.  Judgment was duly entered according to the verdict, and defendant appeals.

The contract for sale of land being oral, it was unenforceable under the Statute of Frauds.  Ark. Stats.,

[1] Plaintiff Chapman also sought $500 damages for inconvenience and expense allegedly incident to the loss of the deal, but the jury made no award on this part of the complaint, and the claim may be deemed to have passed out of the case on appeal.

§ 38-101. It is well established, however, that a defendant who refuses to perform a contract unenforceable because of the Statute of Frauds, the plaintiff being willing to perform, must repay to the plaintiff any amounts in good faith paid to the withdrawing defendant. *Benton* v. *Marshall,* 47 Ark. 241, 1 S. W. 201; *Littell* v. *Jones,* 56 Ark. 139, 19 S. W. 497; Keener, Quasi-Contracts, 277; Woodward, Quasi-Contracts, 147. ". . . when one who has given his performance in return for a promise of a specific exchange does not receive that exchange, there is failure of consideration on the one side and unjust enrichment on the other; and his knowledge beforehand that he may not receive that exchange does not alter the case. It would be as unfortunate in law as in morals if one who had paid a thousand dollars for an absolute promise of a piece of land believing that the vendor's word was as good as his bond, though knowing the oral agreement was legally unenforceable, should be without remedy if the vendor or his representatives failed to perform. In fact, without regard to the plaintiff's knowledge, or lack of knowledge, of the invalidity of the oral contract, he is allowed to recover the fair value of what he has given when the defendant fails or refuses to perform on his part. It is immaterial whether the plaintiff has parted with money, property, or services." 2 Williston, Contracts (Rev. Ed., 1936) § 534.

Appellant asserted that a second oral contract was made for sale of the same property to appellee for $15,000, but evidence to support this allegation is wholly lacking. The $15,000 figure was arrived at merely by deducting from the agreed $16,500 figure (a) the $1,000 which appellee had already paid, and (b) $500 which appellee had originally agreed to pay to the real estate man, Smith, who brought appellant and appellee together, Smith having in the meantime decided that he would not collect the $500 because he had no realtor's license at the time of the transaction. See Ark. Stats., § 71-1311.

Appellant Gilton himself testified: "I told him he could have the place for $15,000. Q. Why did you deduct $1500 from the purchase price of the place? A. I con-

sidered he had paid $1000.00 on it; after Smith gave him his commission, and he said that he gave it to him, that cut it down to $16,000. I gave him credit for the $1000.'' Gilton's testimony makes it very clear that the $15,000 represented nothing more than a recalculation of the amount then payable under the earlier oral contract. The talk between the parties about a $15,000 payment was merely a part of the conversation about their oral contract, conversation which preceded the final break when one party or the other backed out of the contract.

The testimony at the trial was in sharp conflict as to whether appellee had or could immediately procure enough cash to complete the payment called for by the oral contract, whether he made to appellant a tender of payment conditioned only on delivery of a good deed to the land, and whether appellant refused to perform the contract after such tender. The trial court submitted these issues to the jury under instructions which correctly stated the law, and the jury found for the plaintiff appellee. We have concluded that there was sufficient evidence before the jury to sustain its verdict. There was testimony by the plaintiff, supported by corroborating testimony of other witnesses, that he had secured the money so that the check he posted with a third party would have been honored, and that appellants nevertheless refused to proceed with delivery of the deed unless other conditions clearly not included in the original contract were also complied with by plaintiff. In view of this evidence we are not free to supersede the jury's verdict.

The judgment of the Circuit Court is affirmed.

GRIFFIN SMITH, C. J., not participating.