HYDER *v.* NEWCOMB.

5-2919                                                     365 S. W. 2d 271

Opinion delivered March 4, 1963.

*Milham & Cummins,* for appellant.

*Fred E. Briner,* for appellee.

Jim Johnson, Associate Justice. This case involves a suit for specific performance of an oral contract to convey real property. According to the testimony, on January 23, 1960, appellant Evelyn Glenn Hyder showed appellee, Inez Newcomb, some property she owned in Saline County and agreed to accept $2,000.00 for 35 acres. Appellee gave appellant her check for $500.00, on which was written, "Part payment on 35 acres of land (Bal. $1,500.00)." Some time thereafter, timber was cut on the property, by mistake. Appellant and appellee each told the timber cutters that each individually owned the property, but appellant was the one who obtained the court order to stop the cutting, and the one whom the timbermen paid for the timber removed. Thereafter, on May 23, 1960, appellee filed this suit in Saline Chancery Court for specific performance of the oral contract, alleging purchase of the property on January 23, 1960, part payment of $500.00, evidenced by the check, that the balance of the purchase price was to be paid upon delivery of the deed and abstract, that appellee took possession of the property, that appellant had failed and refused to execute the deed, although appellee was ready and willing to pay the balance; further that appellant converted funds to her own use from sale of timber belonging to appellee; and prayed that the contract be specifically enforced and appellant be required to pay into the court the proceeds from sale of the timber. Appellee deposited $1,211.12 in the registry of the court.

Appellant answered, denying the allegations and pleaded the statute of frauds in bar of any oral contract.

Trial was held August 25, 1962, before the Chancellor, who ordered appellant to execute a quit-claim deed conveying any interest she may have in the 35 acres to appellee, gave appellee credit for the $68.00 paid to appellant for the timber, directed appellee to pay $220.88 more into the registry of the court, and assessed ap-

pellant for all costs. From the decree comes this appeal.

On trial *de novo,* we must determine from the record before us whether the check, the description and the part payment, individually or collectively, are sufficient to take this contract out of the statute of frauds.

The statute of frauds is contained in the Revised Statutes of 1838 and has been a part of the Arkansas law since that time. We are therefore blessed with a formidable, and unusually consistent, array of cases interpreting its provisions. The section of the statute of frauds involved here is as follows:

"Ark. Stats. 38-101. No action shall be brought; . . . fourth, to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them; . . . unless the agreement, promise or contract, upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized."

There are several cases remarkably similar to the case at bar. One in point is *Hotopp* v. *Adair,* 144 Ark. 629, 223 S. W. 393. We quote from that opinion.

"The complaint sets forth an oral agreement except so far as the exhibited checks and memoranda on the back of the envelope containing them constitutes a written contract. The statute provides that a contract for the sale of lands 'shall be in writing and signed by the party to be charged therewith, or signed by some other person for him thereunto properly authorized' Kirby's Digest § 3654. The only writings set forth as constituting the contract fall short of compliance with the statute, in that the property is not described and no means of identification are furnished. Defects in this respect can not be cured by oral testimony. The check signed by Claud Adair, one of the appellees, recites that it was given 'for bonus on house and lot.' This is not sufficient identification, nor does it furnish any means of identification.

"It is alleged in the complaint that the property described therein was the only real estate owned by appellees, but, accepting that as true, it does not follow that the recitals of the check are sufficient to identify it. Even though appellees owned but one piece of property, it does not follow from the language as a matter of law or as a matter of fact that the contract necessarily was intended to describe that particular property. *Moreover, the check is not sufficient as a contract for the reason that it does not set forth the terms in any other respect.* Before a court of equity will compel the performance of a contract for the sale and purchase of real estate, it must be definite and certain." [Emphasis ours.]

In *Stanford* v. *Sager,* 141 Ark. 458, 217 S. W. 458, involving not only a check but also letters relative to sale of the property, this court held:

"In negotiations between Ross, as the agent of Sager, and Stanford, the proposed purchaser, it nowhere appears that there was any memorandum containing a description of the lands to warrant specific performance. Treating all the letters in evidence as constituting the contract between the parties, yet in none of these letters is the land to be conveyed specifically described nor is there any description of the land in the check which Stanford sent Ross and which was cashed by Ross as earnest money.

"The appellants contend that this check and the correspondence between Ross and Stanford constitutes the written contract. Conceding this, yet, since the land to be conveyed is nowhere accurately described, the court was clearly correct in holding that the contract could not be specifically performed.

". . . 'The contract must disclose a description which is in itself definite and certain or one which is capable of being made certain by other proof, the contract itself furnishing the key by which the property may be identified.' "

Since the check in the case at bar was insufficient as a memorandum, *inter alia.* for lack of the terms of

the contract as well as an accurate description of the property, we must now determine whether there is sufficient part performance to take this case out of the statute of frauds.

Appellee's partial payment is undisputed, but part payment alone is not sufficient part performance to take the contract out of the statute of frauds. *Starrett* v. *Dickson,* 136 Ark. 326, 206 S. W. 441; *Fryer* v. *Mabin,* 158 Ark. 579, 250 S. W. 877. However, partial or full payment together with taking possession pursuant to the contract is generally considered sufficient part performance. *Arkadelphia Lbr. Co.* v. *Thornton,* 83 Ark. 403, 104 S. W. 169; *Branstetter* v. *Branstetter,* 115 Ark. 154, 170 S. W. 989. Appellee alleged that she took possession of the property as of January 23, 1960. However, the testimony relating to the cutting and sale of the timber, as well as appellee's testimony that

". . . Well, I called her the first week after we bought it and I asked when was she going to make us a deed. She said as soon as she had time to dig out the papers. I said don't go to any unnecessary trouble but we would like to have it as quick as possible. We had a bunch of cows we had to get shut of or either have some place to put them and Pat had bought the wire to build a fence. So as time drifted on it was put off and put off."

clearly shows that appellee had not taken possession of the property and that appellant had yielded no dominion or possession to appellee. There is no other evidence on the question of possession. This being true, it follows that there was no such part performance of the contract as would take the case out of the statute of frauds.

It is true, as appellee intimates in her argument, that the statute of frauds should not grant a person a license to welch on a deal, nevertheless, in the sale of land there have been certain requirements ordained by law which are mandatory. Accordingly, on the whole case, appellee having failed to meet the test "that before a court of equity may grant specific performance of a parol contract to convey land, the evidence of such agreement must be clear, satisfactory and convincing." *Rolfe* v

*Johnson,* 217 Ark. 14, 228 S. W. 2d 482; *Meigs* v. *Morris,* 63 Ark. 100, 37 S. W. 302; *Walk* v. *Barrett,* 177 Ark. 265, 6 S. W. 2d 310; the decree must be reversed and the cause will be remanded with directions to dismiss the complaint for want of equity; all costs will be taxed against appellee.

This case having been fully developed and the matter of the payment of the $500.00 being undisputed, in order to minimize further proceedings, we find appellee is entitled to recover the payment made to appellant together with interest from the date of the receipt thereof. *Gilton* v. *Chapman,* 217 Ark. 390, 230 S. W. 2d 37.

Reversed and remanded with directions.