FRENCH *v.* CASTLEBERRY.

5-3461                    386 S. W. 2d 482

Opinion delivered February 8, 1965.

*D. A. Clarke,* for appellant.

*Robert B. Gibson,* for appellee.

GEORGE ROSE SMITH, J., This is a suit by the appellant, James H. French, for specific performance of an oral contract by which he was to buy two farms, totaling

554 acres, from the appellees, B. C. Castleberry and his wife. French relies upon part performance to take the contract out of the statute of frauds. Our rule is that both the making of the oral contract and its performance must be proved by clear and convincing evidence. *Hudspeth* v. *Thomas*, 214 Ark. 347, 216 S. W. 2d 389. The only question before us is whether the chancellor was right in holding that the proof did not sufficiently establish part performance of the agreement.

The plaintiff and his two brothers owned various farm lands individually, but they cultivated property as a partnership, French Brothers. The partnership, as a tenant, had operated the two Castleberry farms for some years before the oral contract in question was made. The plaintiff testified, and the chancellor found, that on September 10, 1957, the Castleberrys orally agreed to sell the farms, together with certain farming equipment, to the plaintiff for $86,000. Pending completion of the sale the partnership continued to rent the lands from year to year. When the abstracts of title were brought down to date the examining attorney discovered a defect of title that had to be corrected by litigation. On July 3, 1959, while the curative suit (*Fee* v. *Leatherwood*, 232 Ark. 817, 340 S. W. 2d 397) was on appeal to this court, Castleberry notified James French by mail that he was canceling any oral contract that French might be relying upon concerning the purchase of the farms. The present suit was filed almost four years later, giving rise to a plea of limitations that we need not consider.

To support his claim of part performance the plaintiff attempted to prove that he took possession of the property, made substantial improvements, and paid part of the purchase price. We agree with the chancellor's conclusion that the proof lacks the clarity and cogency that the law demands.

First, possession: When the parol agreement was made French Brothers had possession of all the 554 acres except for a parcel of 13 acres that the Castleberrys were occupying as their home and curtilage. A month or two

later the Castleberrys went to Louisiana. The plaintiff and his family then moved into the manor house on the 13-acre tract, where they were still living at the time of the trial.

These facts do not establish such possession as is needed to satisfy the statute of frauds. James French's occupancy of only 13 of the 554 acres acres manifestly did not take the case out of the statute. *Ozan Lbr. Co.* v. *Price,* 219 Ark. 709, 244 S.W. 2d 486. The partnership's possession of the remaining land cannot supply the deficiency, because possession, to be sufficient, must be referable to the oral contract of purchase. *Rolfe* v. *Johnson,* 217 Ark. 14, 228 S. W. 2d 482. Here it is undisputed that both before and after the oral contract was made the partnership operated the farms as the Castleberrys' tenant from year to year. That posession did not owe its existence to James French's purchase agreement. In fact, the Castleberrys were really in possession, through their tenant.

Secondly, improvements: In the interval between the making of the oral contract and its cancellation French spread dirt from several spoil banks, dug a number of drainage ditches, replaced certain fences, picked up chunks, pulled stumps, and built a bridge on the home place at an estimated cost of $51. It is plain enough, as the chancellor found, that nearly all this work was the type of routine maintenance to be expected of a tenant. To satisfy the statute the improvements must be so valuable and substantial that it would be inequitable to refuse specific performance. *Blanton* v. *First Nat. Bank of Forerst City,* 136 Ark. 441, 206 S. W. 745. That test has not been met in the case at bar.

Finally, part payment: It will be remembered that the oral contract of sale included certain farming equipment. In 1958 the partnership, in its accounting as a tenant, gave the Castleberrys a $2,000 credit for a tractor and equipment. James French testified that these were the chattels included in the sale and that he later reimbursed his brothers for their share of this outlay. Hence,

he asserts, the net effect of the two transactions was that he himself actually made a $2,000 payment upon the purchase price.

There are two ready answers to this contention. In the first place, the Castleberrys accepted the credit as an item in their tenant's account, not a part payment by James French. We are not willing to say that a purchaser can create a part payment by reimbursing someone else for a remittance that was not originally considered by the sellers to have anything to do with contract of sale. In the second place, payment of the purchase price alone is not sufficient to satisfy the statute. *Rolfe v. Johnson, supra.* Yet this payment, if made, now stands alone, for we have already pointed out that neither the asserted possession nor the asserted improvements were sufficient to take the case out of the statute.

Affirmed.