MARGARET Á. PFEIFER *v.* VIRGINIA M. RAPER

5-6068                                            486 S.W. 2d 524

Opinion delivered November 13, 1972

*William W. Green,* for appellant.

*Wootton, Land & Matthews,* for appellee.

FRANK HOLT, Justice. This appeal results from the chancellor's dismissal of appellant's action for specific

performance of an alleged oral contract for the sale of lands on which was situated a small store building. For reversal of the decree, appellant contends that the chancellor erred in finding that appellant did not make substantial improvements on the property in reliance upon the oral contract and, further, in finding that the appellant had failed to prove the contract specific and definite enough to entitle her to specific performance.

To remove an oral contract from the statute of frauds, Ark. Stat. Ann. (1962 Repl.) § 38-101, it is necessary that the quantum of proof be clear and convincing both as to the making of the oral contract and its performance. *Hudspeth* v. *Thomas*, 214 Ark. 347, 216 S. W. 2d 389 (1949), *Benton* v. *Fultz*, 241 Ark. 163, 406 S. W. 2d 699 (1966), *French* v. *Castleberry*, 238 Ark. 1038, 386 S. W. 2d 482 (1965), *Rolfe* v. *Johnson*, 217 Ark. 14, 228 S. W. 2d 482 (1950).

Appellant adduced evidence that after she was in possession of the premises as a tenant for approximately six months the appellee owner orally agreed to sell her the realty for $5,500 with the understanding that appellee would accept $200 as a down payment. The monthly rental of $50 per month would apply on the balance until paid. Appellee and her daughter testified there was no agreement as to terms such as the down payment, the closing date, rate of interest, taxes, insurance, and the type of security on the unpaid balance. Appellee, 69 years of age, testified appellant was told she would "have to work out the details" with her daughter who was employed in a local bank. This was never done and appellee subsequently agreed by a written memorandum to sell her property to another party at a higher sale price. It seems that the appellee and her daughter were concerned about the tax consequences on the sale of the property.

Also, the appellant and her husband testified that she made valuable improvements to the property in reliance upon the oral contract. The improvements primarily consisted of rewiring a motor ($10), purchasing

new wires ($8) and installing them from a well pump to the house, replacing a light fixture ($5 for starters and $1.69 for fixture), purchasing kitchen floor linoleum ($17) and installing it, and replacing a screen door ($7). Incidental labor was performed by appellant and her husband. Appellant, also replaced an electric range ($60) and a refrigerator ($75), and increased her sales inventory of antiques by approximately $700. Of course, the refrigerator and stove are movable items and appellant can sell her increased inventory which was purchased for resale.

We agree with the chancellor that appellant did not discharge the burden of proof incumbent upon her to present clear and convincing evidence that she, as a tenant in possession, either established an oral contract of sufficient definiteness or made improvements of a valuable nature which were sufficient to remove the oral agreement from the statute of frauds. As to the repairs and expenditures made by the appellant subsequent to the alleged oral contract, it appears they were of the type normally and usually made by a tenant in possession and somewhat similar to those made by appellant and her husband during the few months preceding the alleged oral agreement. Improvements must be so valuable and substantial in nature that refusal of specific performance would be inequitable. *French* v. *Castleberry, supra.* Also, with respect to the definiteness of the oral contract, suffice it to say the "proof lacks the clarity and cogency that the law demands."

Affirmed.