## ANDERSON *v.* WILLIAMS.

### Opinion delivered May 19, 1894.

*Ejectment—Improvements.*

> One who by mistake has made improvements on another's land before acquiring a colorable title thereto is not entitled to be allowed for the same, as betterments, in an action of ejectment.

Appeal from Arkansas Circuit Court.

JOHN M. ELLIOTT, Judge.

*W. H. Halliburton* and *John F. Park* for appellant.

1. A sale for taxes on a day not appointed by law is void. 33 Ark. 748; 53 *id.* 204. As the land was forfeited to the State for the non-payment of the taxes of 1868, it was not subject to taxation in 1874-5. 18 Ark. 44.

2. Appellee was not entitled to the value of improvements. They were made before he had color of title, and were put there by mistake.

3. The *county* taxes, being *illegal*, cannot be made a charge on the land. 54 Ark. 669; 43 *id.* 306; 50 *id.* 393; *Ib.* 389; 37 *id.* 100; 34 *id.* 582; 24 *id.* 459; 56 Miss. 718; Black, Tax Titles, sec. 185; Acts July 23, 1868, sec. 72. There is no proof that Williams ever paid *any* taxes on the land.

BUNN, C. J. This is an action of ejectment instituted in the Arkansas county circuit court, on the 10th February, 1891, by the appellee against the appellant, for the recovery of the frl. W. ½ of S. E. ¼ of section 12, township 8 south, range 4 west, and in said county of Arkansas.

Plaintiff, Williams, claimed title by purchase from the State Land Commissioner, December 17, 1890, and that the State had derived its title by a forfeiture of the

land in 1869 for the non-payment of the taxes of 1868, and from a sale in accordance therewith had August 4, 1869. Plaintiff also, in the alternative, claimed the value of the improvements he and his father (half owner of an adjoining tract) had placed on the tract in controversy, by mistake as to the lines between the two tracts, during a period of many years previously to his purchase from the State as aforesaid. Plaintiff also, in the alternative, claimed the amount of taxes he had paid on the land in controversy, penalty and lawful interest thereon, and that these sums be made a lien on the land as security for their payment.

Defendant denied plaintiff's title, and controverted his claim for improvements and taxes paid; and claimed title in himself as follows, to-wit: That he had purchased from J. D. Kimbell, May 29, 1890, and that Kimbell had purchased from the State in 1861, the lands having come to the State under the swamp land grant from the federal government.

Under the authority of the decision of this court in the case of *Boehm* v. *Porter*, 54 Ark. 669, presumably, the circuit court held the forfeiture to the State in 1869 to be void, the sale having been made on a day other than that designated by law. It also held that the county taxes levied in that county for that year were illegal. The plaintiff's title from the State was therefore held to be invalid, and defendant's title was sustained. The circuit court then adjudged the sum of $75 to be due to plaintiff for improvements, and $125 for taxes, etc., paid by him on the land, and declared the aggregate of these two sums to be a lien upon the land. From this latter part of the decision the defendant appealed to this court.

*As to betterments.* In *Beard* v. *Dansby*, 48 Ark. 183, this court said: "The only requirements of the

act are, that the occupant should have had peaceable possession, *at the time the improvements were made, under color of title*, and under the belief that he was the owner of the land." It seems that the improvements were made, if at all, before the appellee acquired his colorable title from the State, and for that reason, and under that claim alone, would not be entitled to betterments. The other ground of his claim to the value of improvements is still more untenable if possible. He was a joint owner, with his father, of the improvements, and had made them by mistake, thinking they were being put upon adjoining lands belonging to his father and another. He does not seem to have had or claimed any interest in any land up to the purchase from the State in 1890, and, besides, during the time he was making these improvements, if he made them at all, he was a minor working under his father. It is not made to appear very satisfactorily to us how he made these improvements believing at the time that he was the owner of the land upon which they were being made. He could not have believed himself to have been the owner of any of the lands referred to, especially of those in controversy. Carelessness, under the milder term of mistake, ought not, perhaps, to be rewarded by a bestowal of the benefits of the betterment act. The allowance of the value of improvements, under the circumstances, was erroneous, and for that cause the judgment is reversed.

It does not appear from the abstract of the appellant, (the only one filed in the case,) that there was any proof as to the items of taxes paid by plaintiff. The appellant claims there was none to abstract. We are left in the dark as to this, and therefore can only direct what should be done on the case being remanded. The circuit court will ascertain the amount of taxes, penalty and costs actually paid out by appellee, and allow him that amount, with lawful interest from the date of pay-

ment or payments, as the case may be, and render judgment accordingly. The appellee' will pay the costs of this appeal.

Reversed and remanded.