Thomas J. HUMANN *v.* Richard J. RENKO
and Suzanne M. RENKO

CA 81-2                                          616 S.W. 2d 26

Court of Appeals of Arkansas
Opinion delivered May 27, 1981

*Floyd G. Rogers*, for appellant.

*Shaw & Ledbetter*, for appellees.

Tom Glaze, Judge. This appeal involves an action for specific performance wherein the Crawford County Chancery Court ordered the appellant, Thomas Humann, to convey certain real estate to the appellees, Richard Renko and Suzanne Renko. In 1974, the appellant and appellees apparently discussed the prospects of purchasing land in Arkansas, and they travelled from Kansas City, Missouri, to Crawford County, Arkansas, to view eighty acres near the community of Chester. Later, in May, 1974, Humann signed an agreement to purchase the eighty acres for the sum of $14,000, and to pay monthly mortgage payments of $138.33. Title to the property was taken in Humann's name alone. At the time of the closing of the real estate transaction, the Renkos were residing in Kansas City, Missouri.

Although Humann denies that there was any specific agreement entered into with the Renkos prior to his purchase of the eighty-acre tract, Humann and the Renkos apparently discussed the prospects of entering into a partnership relative to the purchase and maintenance of the eighty-acre tract. In any event, the Renkos moved onto the property in February, 1976, and they began paying one-half of the monthly payment, *i.e.*, $69.17 per month, each check payable to Humann with the notation "For mortgage" and the name of the month. Whatever agreement that was reached between the parties, there was nothing reduced to writing.

In early 1979, the Renkos requested that Humann execute the documents necessary to convey title to one-half of the property to them pursuant to their alleged oral agreement, *viz.*, that the Renkos and Humann were partners in the purchase of the tract. Humann refused.

The Renkos then filed this action seeking specific performance of the alleged oral agreement. The chancery court decreed that the parties had entered into an oral agreement, and under the terms of the agreement, Humann and the Renkos were joint owners of the eighty acres. The court further held that the parties had agreed to a division of the eighty acres, *i.e.*, the Renkos were to receive title to a ten- and thirty-acre tracts which were specifically designated by a survey and Humann was to retain title to the remaining forty acres of the original eighty-acre tract. Humann brings this appeal, raising two points for reversal: (1) The chancellor erred in granting specific performance where there was not sufficient evidence to indicate a definite and certain agreement between the parties; (2) Any agreement between the parties was unenforceable because it was in violation of the statute of frauds.

The issues posed by appellant are controlled by the rule that to remove an oral contract from the statute of frauds, it is necessary that the quantum of proof be clear and convincing both as to the making of the oral contract and its performance. *Hudspeth* v. *Thomas*, 214 Ark. 347, 216 S.W. 2d 389 (1949), and *Pfeifer* v. *Raper*, 253 Ark. 438, 486 S.W. 2d 524

(1972). We agree with the chancellor that the appellees met their burden of proof to establish an oral contract of sufficient definiteness. Moreover, the evidence is also clear and convincing that appellees made improvements of a valuable nature which were sufficient to remove the oral agreement from the statute of frauds. This case is before us largely because appellant challenges the chancellor's findings relative to the weight and sufficiency of the evidence. Unless the chancellor's findings are clearly erroneous, we must affirm. Rule 52, *Arkansas Rules of Civil Procedure*.

The overwhelming inference deduced from the record as a whole is that the appellant and appellees were partners in the purchase of the eighty-acre tract. Aside from the testimony of the parties, the witnesses called by the appellees were neighbors and testified that they understood from both appellant and appellees that they were each one-half owners of the tract. For instance, Mr. Austin testified that he was told by Humann and the Renkos that "they were buying the land together and it was to be split up in the future." Austin said that Humann agreed that the Renkos were buying one-half and Humann one-half of the tract. Mr. Rosenzweig, who testified he had known the parties since 1974 or 1975, stated that he specifically remembered Humann referring to the Renkos as one-half owners of the property. Last, Mr. Landry, who had known the parties for four years and went with Humann when he paid for the land, testified that he understood the parties were partners. When confronted with the testimony of these witnesses on cross examination, appellant never directly contradicted their statements that he and the Renkos were partners. To give further credence to appellees' contention that a partnership existed between them and Humann, a letter written by Humann was introduced at trial as Plaintiffs' Exhibit 3 wherein Humann referred to Richard Renko as "my partner."

Admittedly, as is true in so many oral agreements, the parties did not agree on whether an agreement existed, much less on any of the terms of the contract. The chancellor did find, however, the terms of the sale agreement signed by Humann were definite and that the Renkos were one-half obligors under that agreement. The fact that the Renkos did

not pay one-half of the down payment when the sale agreement was executed by Humann is of little significance so long as their liability is fixed for one-half of that amount. Appellant also argues the agreement is indefinite because it does not mention who is to pay the real estate taxes. Again, the Renkos' one-half obligation as partners is fixed as to taxes as well, and the chancellor was not required to insert terms or write the parties' contract in so holding. Appellant further contends that there was no agreement regarding the division of the property. Suffice it to say, the proof clearly shows there was a discussion between the parties concerning a division of the eighty-acre tract into three tracts; two tracts totalling forty acres were to belong to the Renkos and the remaining forty acres were Humann's. There was, indeed, a conflict in the testimony of Humann and the Renkos, but considering the entire record, we are unable to reverse the chancellor's holding that an agreement concerning a division of the land was reached between the parties.

Appellant finally argues that the appellees did not render substantial part performance of the oral agreement, and therefore, the agreement is in violation of the statute of frauds. We disagree. The Renkos moved from Kansas City, Missouri, onto the subject property to live in 1976. They cleared the property, built fences, dug a well, provided electricity and telephone service, improved a road and built a house. Their neigbors, Austin and Landry, testified that they assisted in these improvements, *viz.*, Austin helped the Renkos build the house and Landry testified he helped the Renkos and Humann fence their boundaries.

After a review of the record, we conclude that the evidence is sufficient to support the chancellor's findings, and we, therefore, affirm his decision.

Affirmed.