Don LANGSTON et ux *v.* Alvin LANGSTON

CA 81-150                                   625 S.W. 2d 554

Court of Appeals of Arkansas
Opinion delivered December 23, 1981

*Herby Branscum, Jr.,* for appellants.

*Beth Gladden Coulson,* for appellee.

JAMES R. COOPER, Judge. Appellee filed suit in the Chancery Court of Perry County, Arkansas, against appellants, his brother and sister-in-law, seeking specific performance of an oral agreement to convey land and two houses to him and asking that the court enter an order requiring appellants to execute a deed to the land in question to him. The trial court ruled that there had been substantial performance of an oral agreement entered into between the parties and that the agreement did not violate the statute of frauds. The court found that equitable title was vested in appellee and legal title was vested in appellants, subject to a mortgage. The court ordered appellants to

execute a deed to appellee. From that decision comes this appeal.

In chancery cases we review the record de novo, but will not reverse the chancellor unless his findings are clearly erroneous or against the preponderance of the evidence, giving due regard to his opportunity to judge the credibility of the witnesses. Ark. Rules of Civ. Proc., Rule 52 (a); *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W. 2d 404 (1981); *Hackworth* v. *First National Bank of Crossett,* 265 Ark. 668, 580 S.W. 2d 465 (1979). To remove an oral contract from the statute of frauds, it is necessary that the quantum of proof be clear and convincing both as to the making of the oral contract and its performance. *Humann* v. *Renko,* 2 Ark. App. 32, 616 S.W. 2d 26 (1981). Partial or full payment of consideration together with the taking of possession by the purchaser is sufficient to remove an oral contract for the sale of land from the statute of frauds. *McKim* v. *McLiney,* 250 Ark. 423, 465 S.W. 2d 911 (1971). Both factors are present in this case.

It does not appear that limitations or laches applies in this case.

When the owner of the equitable title is in possession, under his contract, the statute of limitations does not begin to run until he has notice that the vendor does not intend to convey legal title. *Coleman* v. *Hill,* 44 Ark. 452 (1884). In this case appellee was in possession under his contract and, although the testimony was in conflict as to the time when he had notice that his brother did not intend to convey title, there was evidence from which the chancellor could find that limitations had not run since the date he received notice. Laches is a delay that works to the disadvantage of another because of a change in circumstances or relations of the parties or loss of evidence, which makes the enforcement of a claim inequitable. *McKim, supra.* In this case we do not find any of these factors which could render the enforcement of appellee's claim inequitable.

On the record as a whole, we cannot say that the chancellor's finding as to the existence of an enforceable

contract is against the preponderance of the evidence. It has long been the law in Arkansas that since specific performance is an equitable remedy, courts of equity have some latitude of discretion in granting or withholding that relief depending on the inequities in a particular case. *Knight* v. *Deavers,* 259 Ark. 45, 531 S.W. 2d 252 (1976).

The record also supports a finding that Don Langston's actions were binding upon Marie Langston to such an extent as to require her to specifically perform the contract entered into by him with appellee.

Marie Langston did not testify in this case. Appellee testified that he had not discussed the transaction with her but that all of his negotiations were had with her husband. It does not follow, however, that she could not have been found to have been a party to the contract and bound by the action of her husband. We note that the husband testified that he had discussed the contract fully with his wife and obtained her agreement to join in the conveyance, and that this fact was conveyed to appellee. Neither Don Langston, nor anyone else, has denied that he was acting as agent for Marie in the transaction. The terms of the agreement he had made on behalf of himself and his wife, rather than his authority to act on her behalf, was the issue in this case.

The appellee testified that under the agreement entered into with the appellant, he was to receive the title in fee. Don Langston testified that the agreement made by him and on behalf of his wife was only for the conveyance of a life estate. The contract, whatever its terms, was that of both husband and wife. The chancellor found the testimony of the appellee to be the more credible, and that what Don Langston and his wife had agreed to convey was the fee.

A husband is not his wife's agent solely by virtue of the relationship, but slight evidence of actual authority is sufficient proof of agency in domestic matters and agency may be proved by circumstantial evidence. *Cooper* v. *Cooper,* 225 Ark. 626, 284 S.W. 2d 617 (1955). The chancellor found that the terms of the agreement were as the appellee had stated them to be and that appellant was acting on

behalf of his wife with her consent in the matter. We cannot say that such a finding is clearly erroneous or against a preponderance of the evidence.

Affirmed.