## C.R. APPOLLOS *v.* INTERNATIONAL PAPER COMPANY and IP Timber Lands Operating Co., Ltd.

CA 90-464                                   808 S.W.2d 786

Court of Appeals of Arkansas
Division I
Opinion delivered May 8, 1991

*Mathis & Dejanes*, by: *Travis Mathis*, for appellant.

*Roberts, Harrell and Lindsey, P.A.*, by: *Searcy W. Harrell, Jr.*, for appellees.

GEORGE K. CRACRAFT, Chief Judge. C. R. Appollos appeals from a decree of the Clark County Chancery Court dismissing his complaint and quieting appellees' title to a tract of land. We find no error and affirm.

The facts necessary to our decision are not in dispute. It was stipulated that appellees had record title to the Southeast Quarter of the Southwest Quarter of Section 30, Township 7 South, Range 22 West in Clark County and had paid taxes on it since

1927. Prior to 1950, appellant's predecessor in title had enclosed a one-acre tract of appellees' land and grazed cattle on it under circumstances that vested title in appellant's predecessor by adverse possession. In 1953, however, appellant's predecessor ceased to use the land for any purpose and permitted it to return to its natural state as timber land. By 1973, when appellant acquired the property, the land was no longer enclosed. The record indicates that, since 1953, the only act of dominion over the property performed by appellant was the cutting of several trees. During the same period, appellees bladed fire lanes, painted lines, and did several controlled burns. From the evidence, the chancellor found that appellees had reestablished title to the one-acre tract prior to the commencement of the action and quieted appellees' title against the claims of appellant.

Although we review chancery cases *de novo* on the record, we do not reverse the decision of the chancellor unless his findings are clearly against the preponderance of the evidence, giving due deference to his superior position to judge the credibility of the witnesses and the weight to be given their testimony. *Hicks* v. *Flanagan*, 30 Ark. App. 53, 782 S.W.2d 587 (1990); *Clark* v. *Clark*, 4 Ark. App. 153, 632 S.W.2d 432 (1982); Ark. R. Civ. P. 52 (a).

Appellant contends that the chancellor erred in finding that appellees had reestablished title to the property by adverse possession, arguing that appellees' acts of ownership and actual possession of the tract after 1973 were only fitful and insufficient to overcome appellant's constructive possession as holder of the legal title. We need not reach the merits of appellant's specific argument because, upon our *de novo* review of the record, we find a compelling reason to conclude that appellees had reacquired the property by adverse possession.

■ Arkansas Code Annotated § 18-11-102 (1987) provides that unimproved and unenclosed land shall be deemed to be in the possession of the person who pays taxes on it for at least seven years in succession, provided that he has color of title. *See Charles* v. *Pierce*, 238 Ark. 22, 378 S.W.2d 213 (1964). The possession contemplated by this section has the same effect as if the person paying the taxes had been in actual, adverse possession of the land for the full seven-year period. *Smith* v. *Boynton Land*

& *Lumber Co.*, 131 Ark. 22, 198 S.W. 107 (1917). Payment of taxes under color of title for more than seven years on unenclosed and unimproved property confers title by limitation. *Buckner* v. *Sewell*, 216 Ark. 221, 225 S.W.2d 525 (1949); *Reynolds* v. *Snyder*, 121 Ark. 33, 180 S.W. 752 (1915). *See Burbridge* v. *Bradley Lumber Co.*, 214 Ark. 135, 215 S.W.2d 710 (1948). The payment of taxes under this section constitutes an eviction of all others who claim to be in constructive possession. *See Union Sawmill Co.* v. *Pagan*, 175 Ark. 559, 299 S.W. 1012 (1927).

The fact that appellees' record title was divested by adverse possession, or that the land had once been enclosed by appellant's predecessors and improved, does not mandate a different result. In *Moore* v. *Morris*, 118 Ark. 516, 177 S.W. 6 (1915), on facts peculiarly similar to those here, the court declared:

> We are of the opinion, also, that even if DeMoss or his heirs acquired title by adverse possession, that title was reacquired by the original owners, the Lester heirs, by payment of taxes under color of title under the Act of March 18, 1899 [Ark. Code Ann. § 18-11-102]. The undisputed evidence is that Lester and his heirs paid taxes on the land continuously up to the time it was sold to appellant. *Their paper title, which constituted absolute title up to the time the ownership was wrested from them, if at all, by the adverse occupancy of DeMoss, continued thereafter at least as color of title, and the payment of taxes while the land was in a wild state and unoccupied restored the title to them by adverse possession according to the terms of the statute.* . . . The statute applies only to "unimproved and unenclosed land;" that is to say, land that is wild and in a state of nature. This does not mean, however, that the lands must never have had any other status, for improved lands may be permitted to return to a state of nature. *The statute relates to the condition of the lands at the time the payment of taxes is made under color of title, regardless of the former state of the lands; and if at that time they are unimproved and uninclosed, that is to say in a wild state as before the improvements were first made, then they fall within the terms of the statute and such payments amount to occupancy which will in course of time ripen into title by limitation. Fenton* v. *Collum,*

104 Ark. 624.

*Moore*, 118 Ark. at 523-24, 177 S.W. at 8 (emphasis added) (footnote omitted). *See also Beshea* v. *Vlazny*, 228 Ark. 559, 309 S.W.2d 28 (1958), *Wimberly* v. *Norman*, 221 Ark. 319, 253 S.W.2d 222 (1952); *Horn* v. *Blaney*, 268 Ark. 885, 597 S.W.2d 109 (Ark. App. 1980).

Here, the property returned to its natural state by 1953 and ceased to be enclosed by 1973. Appellees, under color of title, made payment of taxes on the land for more than seven years thereafter. Therefore, we conclude that the chancellor correctly held that appellees' legal title had been reacquired by adverse possession.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.