Tommy TOLSON and Tammy Tolson *v.* Mary Tolson DUNN

CA 94-155                                              893 S.W.2d 354

Court of Appeals of Arkansas
Division I
Opinion delivered March 1, 1995

*J. Larry Allen*, for appellants.

*Acchione & King*, by: *Harold King*, for appellee.

JUDITH ROGERS, Judge. This appeal arises from a judgment of the Grant County Chancery Court finding that appellants had failed to prove an oral contract existed between the parties and denying their claim for specific performance, adverse possession, and the value of the improvements they had placed on appellee's property. On appeal, appellants argue three points for reversal. We find no merit in appellants' arguments and affirm.

For their first point, appellants contend that the chancellor erred in denying them specific performance. Appellants claim

that the parties entered into an oral agreement in 1987 whereby appellee, appellant Tommy Tolson's mother, agreed to deed them certain land when appellants completed building a house on the land. Appellants contend that, after the construction was completed, appellee refused to transfer title to the property to them and, therefore, appellee should be ordered to specifically perform the parties' agreement.

Tommy Tolson testified that he moved on appellee's land in 1980-81; that he started constructing a home with appellee's permission; that appellee promised to give him a deed to the land; and that, based on that promise, he built another room onto the structure. He stated that he completed the structure in 1992 and that he would not have made the improvements if appellee had not told him he was going to get a deed. He stated that he borrowed some money from First National Bank to build two more rooms and that appellee knew he was borrowing the money and she signed the loan document.

Gerald Edwin Whitehead, a certified residential appraiser, testified that he placed a value of $8,300.00 on the structure built by appellants.

Appellee, Mary Tolson Dunn, testified that she allowed appellant, Tommy Tolson, to build a little shack on the property in 1980 because he had no job and no place to go and that she bought the lumber he used. She stated that she told him to move when he first got married, but she did not want to take her own son to court. She further testified that her son never asked her for the land and she never promised it to him.

John Tolson, appellee's son and appellant Tommy Tolson's brother, testified that he had heard his mother ask appellant to leave and that appellant did not respond.

Appellants allege that the facts in this case are nearly identical to those in *Humann* v. *Renko*, 2 Ark. App. 32, 616 S.W.2d 26 (1981). We disagree. In *Humann*, the chancellor found that the appellees had met their burden of proving an oral contract where there was testimony of the neighbors to support the appellees' testimony and where appellant, when confronted with the testimony, never directly contradicted it. No such evidence exists in the case at bar.

██ Chancery cases are reviewed *de novo* on appeal, and the appellate court will not disturb the chancellor's findings unless they are clearly erroneous or clearly against the preponderance of the evidence, and because the question of the preponderance of the evidence turns largely on the credibility of the witnesses, the appellate court will defer to the chancellor's superior opportunity to assess credibility. *Appollos* v. *Int'l Paper Co.*, 34 Ark. App. 205, 808 S.W.2d 786 (1991); Ark. R. Civ. P. 52(a). The testimony here was disputed regarding whether there was an agreement between the parties, and therefore, this presented a question for the factfinder. The chancellor found that appellants had failed to prove an oral contract existed, and this court cannot say this finding is clearly against the preponderance of the evidence. Because the chancellor found that no oral agreement existed between the parties, appellants were not entitled to specific performance. *See Fisher* v. *Jones*, 306 Ark. 577, 816 S.W.2d 865 (1991).

Appellants contend for their second point that the chancellor erred in finding that they had not established title to the property by adverse possession. Appellants argue that because the testimony was clear and undisputed that appellants took possession in 1980, commenced construction in 1981, and appellee did nothing to interrupt their possession until 1991, they proved their claim to adverse possession. We disagree.

██ Whether possession is adverse to the true owner is a question of fact. *Sharum* v. *Terbieten*, 241 Ark. 57, 406 S.W.2d 136 (1966). In order to establish title by adverse possession, appellants had the burden of proving that they had been in possession continuously for more than seven years and their possession was visible, notorious, distinct, exclusive, hostile, and with the intent to hold adversely against the true owner. *Clark* v. *Clark*, 4 Ark. App. 153, 632 S.W.2d 432 (1982). If the original use and possession were permissive, it cannot become adverse until notice of the hostility of the possessor's holding has been brought home to the owner by actual notice or by a holding so open and notorious as to raise a presumption of notice equivalent to actual notice; the evidence of the adverse holding when the original entry is by permission must be very clear. *Mikel* v. *Development Co.*, 269 Ark. 365, 602 S.W.2d 630 (1980). Although we review chancery cases *de novo* on the record, we do not reverse the decision of the chancellor unless his findings are clearly against the

preponderance of the evidence. *Hicks* v. *Flanagan*, 30 Ark. App. 53, 782 S.W.2d 587 (1990).

■ Here, appellant Tommy Tolson admitted at trial that he began building his house on appellee's land in 1981 with appellee's permission. Later, at the conclusion of the hearing, he testified that he moved onto the property with appellee's permission and remained there with appellee's permission. He also stated that appellee did not ask him to move from the property until 1992. It is clear from the record that appellants had permission from appellee to remain on the property and consequently their possession was not adverse to the titleholder. Therefore, the chancellor's finding that appellants had failed to sustain their claim of adverse possession is not clearly against the preponderance of the evidence.

■ For their final point, appellants contend that the chancellor erred in not awarding them the value of the improvements they placed on appellee's property. Appellants' expert witness valued these improvements at $8,300, and appellants contend they should have been awarded damages for this amount. In support of their claim, they rely on Ark. Code Ann. § 18-60-213 (1987), that provides in part:

> (a) If any person believing himself to be the owner, either in law or equity, under color of title has peaceably improved, or shall peaceably improve, any land which upon judicial investigation shall be decided to belong to another, the value of the improvement made as stated and the amount of all taxes which may have been paid on the land by the person, and those under whom he claims, shall be paid by the successful party to the occupant, or the person under whom, or from who, he entered and holds, before the court rendering judgment in the proceeding shall cause possession to be delivered to the successful party.

This section requires one entitled to recover for such improvements to meet two tests: (1) he must believe himself to be the owner of the property; and (2) he must hold under color of title. *Smith* v. *MRCC Partnership*, 302 Ark. 547, 792 S.W.2d 301 (1990). In *Baker* v. *Ellis*, 245 Ark. 484, 432 S.W.2d 871 (1968), the supreme court stated:

> One who believes himself to be the legal or equitable owner and improves land of another, under color of title, can recoup the cost of the improvements. Ark. Stat. Ann. § 34-1423 (Repl. 1962) [now codified at § 18-60-213]. Color of title generally connotes an instrument which by apt words of transfer passes what purports to be a title but which is defective in form.

*Id.* at 486, 432 S.W.2d at 872.

Here, it was undisputed that appellants had no writing evidencing color of title nor had they paid any taxes on the property. Appellants argue, however, that this court should reverse the holding in *Baker* v. *Ellis* because they contend the plain and unambiguous wording of the first sentence of § 18-60-213 allows appellants to either peaceably improve land under color of title or peaceably improve land without color of title and be entitled to damages. Appellants cite *Leathers* v. *W.S. Compton Co.*, 316 Ark. 10, 870 S.W.2d 710 (1994), for this proposition. However, *Leathers* has no relation to § 18-60-213 and only stands for the proposition that, when the language of a statute is plain and unambiguous, we give the language its plain and ordinary meaning. 316 Ark. at 13. Even if we were so inclined, we have no authority to overrule a decision of the supreme court. *Roark* v. *State*, 46 Ark. App. 49, 876 S.W.2d 596 (1994). Because appellants did not make the improvements under color of title, they are not entitled to damages under § 18-60-213.

Furthermore, the chancellor noted that appellants' expert witness had testified that the improvements appellants made to the property were removable and, in his order, he gave appellants six months to remove their improvements. Appellants have not challenged this finding by the chancellor.

Affirmed.

PITTMAN and COOPER, JJ., agree.