Danny MITCHELL *v.*
Kenneth HOUSE and Rhonda House

CA 00-10 26 S.W.3d 586

Court of Appeals of Arkansas
Division IV
Opinion delivered September 6, 2000

*John C. Throesch*, for appellant.

*Castleman Law Firm*, by: *Bob Castleman*, for appellees.

JOHN MAUZY PITTMAN, Judge. This case involves an agreement between appellant and appellees concerning certain real property in Randolph County. Appellees, as owners of the property, claim that they entered into a month-to-month lease with appellant in September or October of 1997. When appellant refused to pay rent or vacate the property in April 1999, they filed a unlawful detainer action against him in circuit court. Appellant answered that his agreement with appellees was in fact a lease with a five-year option to purchase, and he counterclaimed for specific performance. Upon his pleading that equitable doctrine, the circuit judge transferred the case to chancery court. Following a hearing, the chancellor awarded appellees $6,000 in damages for unlawful detainer, plus costs and attorney fees. He denied appellant's prayer for specific performance. On appeal, appellant contends that the chancellor's ruling was erroneous and that he was wrongfully deprived of a jury trial. We find no error and affirm.

We first address appellant's argument that he was improperly denied a jury trial on appellees' unlawful detainer action, which is cognizable in circuit court. *See* Ark. Code Ann. § 18-60-306 (1987). The Arkansas Constitution provides that the right of a trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy. Ark. Const. art. 2, § 7. However, the constitutional right to a jury trial does not extend to an equity case. *See Riggin v. Dierdorff*, 302 Ark. 517, 790 S.W.2d 897 (1990). When appellant interposed a claim for specific performance, the circuit court properly transferred the case to equity. It is undisputed that specific performance is an equitable remedy, cognizable only in equity. *Hardy Constr. Co. v.*

*Arkansas State Hwy. & Transp. Dep't*, 324 Ark. 496, 922 S.W.2d 705 (1996). Once equity acquired jurisdiction for the purpose of deciding the specific-performance issue, the clean-up doctrine allowed it to retain all claims in the action and to grant all relief, legal or equitable, to which the parties were entitled. *See Fox v. Fox*, 68 Ark. App. 281, 7 S.W.3d 339 (1999). Our supreme court has held that application of the clean-up doctrine does not violate Article 2, Section 7, of the Constitution. *See Colclasure v. Kansas City Life Ins. Co.*, 290 Ark. 585, 720 S.W.2d 916 (1986), *cert. denied*, 481 U.S. 1069 (1987). Thus, the chancery court had jurisdiction, and appellant's argument concerning his right to a jury trial is without merit. *See Priddy v. Mayer Aviation, Inc.*, 260 Ark. 3, 537 S.W.2d 370 (1976).[1]

 Appellant's other argument is that the trial court erred in finding that no lease-with-an-option-to-purchase contract existed between him and appellees, thus denying him the remedy of specific performance. Chancery cases are reviewed *de novo* on appeal. *Tolson v. Dunn*, 48 Ark. App. 219, 893 S.W.2d 354 (1995). We will not disturb a chancellor's findings of fact unless they are clearly erroneous. *See id.* Specific performance is an equitable remedy which compels performance of a contract on the precise terms agreed upon by the parties. *Dossey v. Hanover, Inc.*, 48 Ark. App. 108, 891 S.W.2d 67 (1995). Because it is an equitable remedy, courts of equity are allowed some latitude in granting or withholding that relief, depending upon the equities of a particular case. *Id.* Whether or not specific performance should be awarded in a particular case is a question of fact for the chancellor. *Id.*

██ Appellant claims that, in approximately August 1997, he approached appellees about leasing their property with an option to purchase it. According to him, appellees agreed to such an arrangement. Appellant had his attorney draft a lease-with-option-to-purchase contract, but the contract was never executed. However, for the next eighteen months, appellant drafted a monthly check to appellees and made notations in the memo portions of the checks which he says indicated that payment was being made for a lease/purchase option. The notations included "LOP," "LOP Payment,"

---

[1] Appellant does not contend that Ark. Code Ann. § 18-60-308 (1987), which prohibits adjudication of title to the premises in unlawful detainer actions, has any application to his argument.

and "Lease/Purchase Payment." He argues on appeal that the unexecuted contract constitutes an offer on a lease/purchase agreement and that appellees, by accepting the checks, accepted his offer. *See Childs v. Adams*, 322 Ark. 424, 909 S.W.2d 641 (1995), holding that a party's manifestation of assent to a contract may be made wholly by spoken words or conduct. However, appellee Kenneth House testified to a different version of events. According to House, he never spoke with appellee regarding an option to purchase, and he never saw a copy of the unexecuted contract. Further, there is evidence that the memo sections of at least eight of appellant's checks were altered after the checks were canceled and returned to him. Bank records revealed that three of the four checks introduced at trial as bearing the notation "Lease/Purchase Payment" had no writing on them at the time appellant's bank photocopied them. The fourth check was unreadable on the bank's microfilm. Other checks that purportedly bore notations in the memo section either had blank memo sections at the time they were photocopied by the bank or merely bore the term "LOP" to which the word "Payment" was later added. Such evidence has a direct bearing on appellant's credibility, and we defer to the chancellor's superior position to assess credibility. *Tolson v. Dunn, supra*.

In light of the abovementioned facts, we cannot say that the chancellor's decision in this case was clearly erroneous. The evidence was in conflict, and we have recognized that the chancellor may exercise his prerogative as trier of fact to resolve conflicts in testimony in favor of one party. *See Belcher v. Stone*, 67 Ark. App. 256, 998 S.W.2d 759 (1999).

Affirmed.

JENNINGS and CRABTREE, JJ., agree.